UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TOMASA BATALLA,

    Plaintiff,

v.

EVEREST RECEIVABLE SERVICES, INC.,

    Defendant.

Case No. 8:20-cv-00083

## COMPLAINT

**NOW COMES** Tomasa Batalla ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of Everest Receivable Services, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Middle District of Florida and Defendant conducts business in the Middle District of Florida.

4. The Court has supplemental jurisdiction over the state law FCCPA claim under 28 U.S.C. §1367.

**PARTIES**

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Middle District of Florida.

6. Defendant is a third-party collection agency that is in the business of collecting defaulted consumer debts on behalf of others, including debt allegedly owed by Plaintiff. Defendant's principal place of business is located at 2351 N. Forest Road, Suite 100, Getzville, New York, 14068.

**FACTS SUPPORTING CAUSE OF ACTION**

7. Before the events giving rise to this cause of action, Plaintiff incurred a personal debt ("subject debt").

8. Thereafter, Defendant acquired the right to collect on the subject debt.

9. Around June 2019, Defendant began placing phone calls to Plaintiff's cellular telephone in an attempt to collect on the subject debt.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number (813) XXX-5347. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

11. Plaintiff was perplexed as to why Defendant was calling her cellular phone, as she had not previously heard of Defendant.

12. Soon after the calls began, Plaintiff answered calls from Defendant but would not provide her social security number as the representatives would not identify themselves and Plaintiff has been a prior victim of identity theft.

13. Defendant's representatives continued to place numerous phone calls in July 2019, many of which, Plaintiff answered and demanded it cease calling her cellular phone.

14. During some of the phone calls, Defendant's representatives became hostile and threatened to garnish Plaintiff's wages if the debt remained unsatisfied.

15. On or around October 28, 2019, Plaintiff answered *another* call from defendant and again demanded it cease calling her cellular phone number.

16. Notwithstanding Plaintiff's multiple requests that Defendant cease contacting her, Defendant continued its phone harassment campaign.

17. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenditure of assets.

18. The phone numbers that Defendant most often use to contact Plaintiff are (813) 579-3998, (813) 579-1997, (813) 734-7633, (813) 497-4248, and (813) 774-6592, but upon information and believe, it may have used multiple other phone number to place phone calls to Plaintiff's cellular phone number.

## DAMAGES

19. Defendant's misleading and deceptive collection conduct has severely disrupted Plaintiff's daily life and general well-being.

20. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

21. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

22. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

26. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

27. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

28. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

29. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, and e(10) through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692c**

30. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

31. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

32. Defendant was notified by Plaintiff that its calls were not welcomes and harmful. As such, Defendant knew that its conduct was inconvenient and harassing to her.

   b.   **Violations of FDCPA § 1692d**

33. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to her cellular phone.

34. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed of caused to be placed numerous harassing phone calls to Plaintiff's cellular phone.

   c.   **Violations of FDCPA § 1692e**

35. Defendant violated §1692e by using false, deceptive, and misleading representations in connection to the collection of the subject debt. Defendant falsely communicated to Plaintiff that if she did not make an immediate payment on the subject debt, Defendant will garnish her wages.

36. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. Defendant led Plaintiff to fear for her freedom in effort to coerce Plaintiff to make a payment immediately.

37. As pled above, Plaintiff was severely harmed by Defendant's conduct.

38. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

39. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Florida in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

40. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

41. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff TOMASA BATALLA respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

43. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

44. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provision of Fla. Stat. § 559.27 because

said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.51(1).

45. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

46. Defendant violated section 559.72(7) of the FCCPA through its unlawful conduct.

    **a. Violations of the FCCPA § 559.72(7)**

47. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor.

48. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff informed Defendant calls were not welcomed and asked Defendant to stop calling her. Ignoring Plaintiff's request, Defendant placed numerous calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff TOMASA BATALLA respectfully requests that this Honorable Court:

  a. Enter judgment in Plaintiff's favor and against Defendant;

  b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

  c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

  d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

  e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

  f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: January 13, 2020                                   Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com