**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TOMASA BATALLA

                                                                 Case No.: 8:20-cv-00083

                Plaintiff,

v.

EVEREST RECEIVABLE SERVICES, INC.

                Defendant.

_____/

**DEFENDANT EVEREST RECEIVABLE SERVICES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Everest Receivable Services, Inc. ("Defendant"), by and through its undersigned attorneys, Lippes Mathias Wexler Friedman LLP, answering the Complaint, on information and belief:

**NATURE OF THE ACTION**

1. Defendant admits that this action alleges violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Defendant denies that it violated said statutes.

**JURISDICTION AND VENUE**

2. The allegations in Paragraph 2 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 2.

3. The allegations in Paragraph 3 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 3.

4. The allegations in Paragraph 4 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 4.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to allegations contained in Paragraph 5, and therefore Defendant denies same.

6. Admitted in part. Defendant admits that its principal place of business is in the State of New York. Defendant denies each and every remaining allegation in Paragraph 6.

## FACTS SUPPORTING CAUSE OF ACTION

7. Defendant admits the allegations contained in Paragraph 7.

8. Defendant admits that is was assigned an account belonging to Plaintiff for collections.

9. Defendant denies each and every allegation in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 10, and therefore denies same.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11, and therefore denies same.

12. Defendant denies each and every allegation in Paragraph 12.

13. Defendant denies each and every allegation in Paragraph 13.

14. Defendant denies each and every allegation in Paragraph 14.

15. Defendant denies each and every allegation in Paragraph 15.

16. Defendant denies each and every allegation in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 17, and therefore denies same.

18. Defendant denies each and every allegation in Paragraph 18.

## DAMAGES

19. Defendant denies each and every allegation in Paragraph 19.

20. Defendant denies each and every allegation in Paragraph 20.

21. Defendant denies each and every allegation in Paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 22, and therefore denies same.

## COUNT I - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23, and therefore denies same.

24. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 24, and therefore denies same.

25. The allegations in Paragraph 25 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 25.

26. Defendant denies each and every allegation in Paragraph 26.

27. The allegations in Paragraph 27 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 27.

28. The allegations in Paragraph 28 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 28.

29. Defendant denies each and every allegation in Paragraph 29.

### a. Violations of FDCPA § 1692c

30. Defendant denies each and every allegation in Paragraph 30.

31. Defendant denies each and every allegation in Paragraph 31.

32. Defendant denies each and every allegation in Paragraph 32.

### b. Violations of the FDCPA § 1692d

33. Defendant denies each and every allegation in Paragraph 33.

34. Defendant denies each and every allegation in Paragraph 34.

### c. Violations of the FDCPA § 1692e

35. Defendant denies each and every allegation in Paragraph 35.

36. Defendant denies each and every allegation in Paragraph 36.

37. Defendant denies each and every allegation in Paragraph 37.

38. Defendant denies each and every allegation in Paragraph 38.

39. Defendant denies each and every allegation in Paragraph 39.

40. Defendant denies each and every allegation in Paragraph 40.

41. Defendant denies each and every allegation in Paragraph 41.

## COUNT II - VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. The allegations in Paragraph 42 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 42.

43. The allegations in Paragraph 43 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 43.

44. The allegations in Paragraph 44 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 44.

45. The allegations in Paragraph 45 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 45.

46. Defendant denies each and every allegation in Paragraph 46.

### a. Violations of the FCCPA § 559.72(7)

47. The Florida Consumer Collection Practices Act speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 47.

48. Defendant denies each and every allegation in Paragraph 48.

### FIRST AFFIRMATIVE DEFENSE

49. The Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

50. Plaintiff failed to join a necessary party.

### THIRD AFFIRMATIVE DEFENSE

51. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by third parties over whom Defendant had no control or authority.

## FOURTH AFFIRMATIVE DEFENSE

52. Plaintiff lacks Article III standing to pursue the allegations in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

53. Plaintiff failed to mitigate her damages.

WHEREFORE, Defendant Everest Receivable Services, Inc., respectfully demands judgment against Plaintiff dismissing the Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED: January 31, 2020

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Christopher A. Walker
Christopher A. Walker, Esq.
FBN: 114793
Attorneys for Defendant
822 US Highway A1A N, Suite 101
Ponte Vedra Beach, FL 32082
P: 904-660-0020
F: 904-660-0029
E: cwalker@lippes.com